UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JASON L. WESTERFIELD, | ) | Case No. 1:18CV2725 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE SARA LIOI |
| v. | ) | MAGISTRATE JUDGE DAVID A. RUIZ |
| | ) | |
| LYNEAL WAINWRIGHT, | ) | |
| Warden, | ) | |
| | ) | |
| Respondent. | ) | MEMORANDUM AND ORDER |
| | ) | |

On November 26, 2018, Jason L. Westerfield filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (R. 1.)  The petition is before the magistrate judge pursuant to Local Rule 72.2.  The petitioner is in the custody of the Ohio Department of Rehabilitation and Correction pursuant to journal entry of sentence in the case of *State of Ohio v. Westerfield*, Case No. 17-CR-0235 (Crawford County Oct. 23, 2017).  (R. 1, PageID #: 1.)  Currently before the court is *pro se* petitioner's Motion for an Evidentiary Hearing.  (R. 13.)  The respondent has filed a brief in opposition.  (R. 16.)

The underlying petition stems from Westerfield's 2017 conviction for burglary in the Crawford County (Ohio) Court of Common Pleas.  (R. 1, PageID #: 1.)  In his petition, Westerfield raised two grounds for relief:

1. Violation of my Constitutional right to a speedy trial.  Violation of 5, 6 and 14th Amendment.

>   2. Denied my Constitutional right to effective assistance of counsel.
>   Violation of United States Constitution 6 & 14th Amendment.  Failure
>   to protect my rights at trial.

(R. 1, PageID #: 6, 8.)  Westerfield has since withdrawn the second ground of his petition.  (R. 14-1, PageID #: 895.)

Westerfield moves for an evidentiary hearing regarding the affidavits and exhibits contained in his Traverse, which presents argument on the first ground of his petition, the alleged speedy trial violation.  (R. 13, at 1; *see generally* R. 14.)

The respondent presents several arguments in opposition to Westerfield's motion.  (R. 16.)  The respondent argues that Westerfield has not shown that he is entitled to a hearing.  (R. 16, PageID #: 939.)  The court agrees:  Westerfield simply asserts that the court should hold an evidentiary hearing on his speedy trial claim, without providing any substantive reasons in support of his request.  *See generally* R. 13.

The respondent also contends that the state court of appeals has ruled on the merits of petitioner's speedy trial claim as set forth in his first ground for relief.  (R. 16, PageID #: 939.)  In addition, Westerfield's motion for an evidentiary hearing references the affidavits and exhibits contained in his Traverse, which are also part of the state court record submitted by the respondent.  (R. 11, exhibits.)

A district court is not required to hold an evidentiary hearing on issues that can be resolved by reference to the state court record.  *Cullen v. Pinholster*, 563 U.S. 170, 183 (2011) (citing *Schriro v. Landrigan*, 550 U.S. 465 (2007)); *Taylor v. Horn*,

504 F.3d 416, 446 (3d Cir. 2007), *cert. denied,* 555 U.S. 846 (2008). Westerfield's Traverse does not raise any new evidence, but simply presents legal argument on the speedy trial claim. *See generally* R. 14. Neither Westerfield's motion for an evidentiary hearing nor his Traverse raise any issues which cannot be resolved by reference to the record before the court.

Moreover, the provisions of 28 U.S.C. § 2254(e)(2), which address when a petitioner is entitled to an evidentiary hearing, are limited to cases where the underlying claim was not adjudicated on the merits by the state court. *Moore v. Mitchell*, 708 F.3d 760, 780 (6th Cir. 2013), *cert. denied,* 571 U.S. 1077 (2013) (citing *Cullen*). As noted by the respondent, Westerfield's speedy trial claim was raised on appeal, and the state court of appeals ruled on the merits of that claim. (R. 16, PageID #: 939; *see* R. 11-1, RX 12, PageID #: 111, 121-123 (brief on appeal); R. 11-1, RX 15, PageID #: 177-180 (appellate court opinion).)

Having reviewed the petition, the Return of Writ, and the Traverse, the court will be able to resolve the matters at issue by reference to the parties' briefs and the state court record. For the foregoing reasons, the motion for evidentiary hearing (R. 13) is DENIED.

IT IS SO ORDERED.

s/ David A. Ruiz  
David A. Ruiz  
United States Magistrate Judge

Date: March 6, 2019